The second case on our docket today is Agenda No. 2, No. 130946, People of the State of Illinois v. Tyrell Cooper. Counsel for the appellant, are you prepared to proceed? Good morning. May it please the Court, I'm Assistant Attorney General Erin O'Connell on behalf of the people. This is the Court's second pretrial detention case of the morning. The biggest difference between this case and the previous case is that everybody here is in absolute agreement that the substantive nature of the Circuit Court's order of detention was correct as a matter of law. It was supported by sufficient evidence. The Court correctly determined that this defendant could not be released without endangering the community. The question presented here is whether an alleged timing error in the holding of a continued detention hearing deprived the Court of its authority to enter that order. The appellate Court concluded that it did, and there are three reasons that this Court should reverse. The first is that even assuming that there was a timing error, there is no remedy provided in the statute that would invalidate the Circuit Court's order. It's under the mandatory directory dichotomy. It's a directory statute. Second, the hearing was held within the 48 hours as required as the Circuit Court itself determined. And third, the defendant actually forfeited his objection because he failed to object when the hearing was being scheduled that this would be two and a half hours outside of the 48-hour limit. And because he didn't use it as a shield at that moment to get a timely hearing, he cannot now, after the fact, use this as a sword to invalidate the detention order. I'd like to focus first on the question of the mandatory directory dichotomy. The descending justice below and the appellate Court in the Green case have, I think, laid out in good detail how this analysis works in this context. This Court presumes that the statute is directory. It looks first to whether there is language in the statute that specifies a remedy for a violation. And the parties agree there is no language in this statute that requires the Court, if it fails to comply with the timing requirement, to release the defendant or dismiss the pretrial detention hearing. There's no specific remedy. So the only remaining question then is whether this Court should view this as mandatory under the principle that the rights at issue that are protected by the statute would generally be injured by a directory reading. And here the parties fundamentally diverge in how this analysis is conducted. This Court in Lakewood Nursing makes clear that it looks at the overarching statutory scheme and what the General Assembly was overall intending to do with the statute, and it considers those interests in construing each individual provision. Here the General Assembly would express that there are multiple interests at stake in the pretrial detention context. Clearly the General Assembly wanted to protect defendants who are entitled to pretrial release to ensure that they have prompt hearings and that they're admitted without bail in a prompt manner. At the same time, the General Assembly also recognized that some individuals are dangerous and shouldn't be released pending trial. So it set forth a comprehensive scheme for the parties to prepare for hearings and for the Court to receive evidence on the issue of dangerousness and whether any conditions of release would be sufficient to ensure the safety of the community. Taking into consideration all of those interests, it's clear that the interest in the promptness of the hearing doesn't take precedence over everything else. The overall scheme has to be considered. The Court has to weigh the community's interest as part of this analysis. So I think defendants' argument just requires the Court to turn a blind eye to what the statute's expressed purposes are in terms of the protection of the community and sort of elevates the right of the defendant to a prompt release above all else. But that's not how this Court conducts the mandatory directory analysis as set forth in Lakewood Nursing. It instead has to look more generally. So I'll just briefly touch on the second issue, which is whether the timing requirement was actually violated in this case. And this wasn't something that we presented in the PLA, but I would submit to the Court that it is intertwined with the question that was presented. So the question of whether there was an error is intertwined with the question of whether there should be a remedy for the error, which was the focus of the PLA. And the Court should address this issue because there does appear to be, I think, a bit of confusion or differing approaches in the circuit courts as to the calculation of time under the statute. And we would just direct the Court that the statute on statute states that it applies unless it would be repugnant to the purposes of the statute or contrary to the express intent. Here we don't have any express intent to the contrary in the statute, so that should apply and under the application of the principles set forth in the statute on statutes, this was a timely hearing. But if the legislature wanted to exempt the weekends, they could have? They certainly could have. They were operating against the backdrop of the statute on statutes, though, which does set forth how those weekends and holidays are to be calculated when time periods are required by statute. So it didn't provide the opposite in this statute, which I think would manifest its intent not to apply the statute on statutes. It just left that silent. So it was an opening that I think the statute on statute is intended to address when the legislature doesn't specify. Counsel, if we find that the statute is directory, do we even have to get into this statute on statutes issue? No, Your Honor. If the court finds that the statute was directory, even if there was a violation, there is no remedy here. We would submit that if the court disagrees and finds that this was a mandatory statute, it should consider whether there was an error before it grants relief to the defendant. But no, in the circumstance in which the statute is directory, the court doesn't need to consider that issue. But for either reason, and based on defendant's forfeiture, we would ask that this court reverse the appellate court's order requiring defendant's release and reinstate the circuit court's order detaining him. Thank you very much. Counsel, if they'll please. Good morning, Your Honors. May it please the court, Jonathan Krieger for Tyrell Cooper. The only issue properly before the court in this case is whether section 110-61c2 of the pretrial release statute is mandatory or directory. In other words, when the trial court holds a hearing that is untimely, whether there is any remedy for that violation. Given the purposes of subsection c2, this court should find that that requirement is mandatory and affirm the judgment of the appellate court releasing my client on conditions. As counsel alluded to, there are two criteria that are used to distinguish between mandatory and directory rules. One, whether there are negative consequences listed for non-compliance. Two, whether the interest protected by the provision would generally be injured by directory reading. Counsel is correct that there are no negative consequences listed in the statute, but the protected interest by subsection c2 would generally be injured by a directory finding. This court should therefore find that it is mandatory. Now the parties dispute whose interest is protected by subsection c2. Under this Court's precedence, that is a focus determination looking at the specific provision at issue, not the statute as a whole, and only the defendant's interest is at stake. Specifically, the defendant's interest in liberty. Only the defendant sitting in jail and only the defendant continues to sit in jail if a continuance goes past the 48-hour limit of the statute. And counsel, refresh my memory in this instance, how much time was involved in the delay? We don't know the exact amount of time. I think opposing counsel's guess of about two hours is accurate. The first appearance was held at 11 in the morning on a Saturday and was scheduled for 1 o'clock on the following Monday. And so what injury, what prejudice did your client suffer as a result of that two-hour delay? There's no prejudice analysis in the mandatory directory distinction. It's purely a question of statutory construction. I understand that, but I would like you to outline what injury or prejudice your client suffered. The prejudice is the prejudice that any defendant would suffer while being in detention. The inability to take care of their kids. The pre-trial report indicated that my client was a primary caregiver for his kids. Missing a shift at work. Inability to get benefits. All of the harms that this court recognized in its pre-trial report before the Pre-Trial Fairness Act was passed. The really negative effects on a person's life of being in jail. So if we were to determine that it is in fact mandatory, there is no amount of time, not a minute, 10, 30, beyond that, that would be permissible. I'm not aware of any de minimis exception to the mandatory directory. If a rule is mandatory within the mandatory directory, then there's no de minimis exception. So along those lines, let's say this hearing commenced at 10.58 and then they took a recess and came back at 1.30. Is your client, have they complied with the statute at that point? I would say in that situation that they have, that everyone was prepared. The hearing began at that point. I think it would be fair to mark the hearing as having occurred when it began rather than when the actual detention or release hearing occurred. That would make sense to me. Counsel, certainly the liberty and interest of your client is something this court has to strongly consider. But Ozenkamp said we also should consider the community interest and safety needs. Is that not a factor that we can weigh? That is not a factor at all under subsection C2 because perhaps as a general matter, the pre-trial release statute includes, takes into, not perhaps, it certainly does take into account community safety. In terms of timing, the state has no interest on whether there is a timely hearing on whether, on their petition to detain. It could go either way. It doesn't make a difference for their purposes. It only makes a difference with regards to the defendant who is, as I said, sitting in jail. This court's presence supports that. In the Lakewood nursing case, this court found that the only interest at issue, that was a case involving a discharge hearing from a nursing home, was a nursing home residence. And in that case, the administrator said, well, we've got property interest. We have contract issues that also need to be taken into account. This court said no, that only the residence interest was interest at stake. There are other cases by this court that support a focused analysis of the question of interest and interest generally being injured. In People v. Delvear, a case involving the admissions concerning deportation, the court found the only interest was the defendant's right to intelligently waive their rights. In People v. Robinson, a case involving notice under the Post-Conviction Hearing Act, the court found that the only interest was the defendant's interest in the right to appeal. As we know, the Post-Conviction Hearing Act as a whole certainly takes into account, for instance, the state's interest in finality, finality of judgment. But the court didn't consider that at all in terms of analyzing the specific provision. So when we talk about statutory interpretation to determine what it is that the legislature is telling us, here we have a case where, as I believe, the hearing showed that the defendant had been charged in a separate case of unlawfully possession of a weapon by a felon and possession of a stolen firearm. He was released from custody three days before the event here. After he had been released, three days later, the officers received a report in connection in the instant matter that gunshots had been fired at the residence the defendant shared with his girlfriend, and the defendant had allegedly come out of his residence and began firing a gun. The felon admitted firing the shots but said he thought the victims were going to shoot him. So that's the nature of the charge here. And what you're arguing here is that the legislature, in drafting this language of 48 hours, meant that if a hearing is 50 hours, that a person with this kind of background should be or must be released. That's what your argument? That's what the legislature intended. Yes. The facts that you're alluding to that would, for instance, show that my client was dangerous, at the time that the state was able, the only time the hearing that we're discussing today comes into play is once the state has already filed a petition to detain. At that point, they have what they believe is clear and convincing proof that the client committed a detainable offense, and he's either a real and present threat or poses a risk of willful flight. So the state had everything that it needed. It certainly could have, but by default, the hearing should have been held immediately. The state had the police reports, which typically that is what the state's proper is. They recite the police reports. In this case, the state had the pretrial investigation report, which had been filed the morning before the first appearance. So it could have made this argument the same day. It could have made the argument within 48 hours. And the legislature, by phrasing this in terms of they're requiring an immediate hearing and setting the hour limits in terms of hours rather than days, the previous statute had defined continuance in terms of days, showed its interest in a quick hearing, that this was very important. And that goes... As I recall from the transcript, at the initial hearing on that Saturday morning, the state asked for a continuance until Monday at 1.30. And the defendant said, I believe, I think we wanted an immediate hearing, but we received notice of the hearing for Monday. There was no objection, in other words. So if there had been an objection, perhaps they could have called the case earlier. As the state, they certainly could have called the course earlier. And in the same section that you're discussing, the court says, would that be at 8.30 in the morning, which would have been within the 48 hours. But the state... My suggestion is the statement of the defendant. The defendant on Saturday didn't say, wait a minute, 48 hours runs at 10, whatever it is, 58 on Monday. So we object to the 1.30 call. He doesn't say that. The demand for an immediate hearing, as the state concedes in its opening brief, was an objection to all other continuances. And the state discusses, makes an analogy to the speedy trial context. How does an objection made to a continuance in the context of speedy trial? By making an immediate demand, which is exactly what was done in this case. Now, it appears that the state and the court in this case were all under the impression that time during a weekend didn't count towards the 48 hours. And even the state's argument isn't that. The statute of statutes doesn't include that. And when at the detention hearing, when the defense counsel brought this up, no one said, what are you talking about? We knew that it was going to be, you know, what do you mean 48 hours? Who knows about this 48 hours thing? Everyone was under the understanding that basically McCarthy and Nelson didn't apply to them. They thought that it was a timely hearing, but they were mistaken. If we find that it's mandatory, why shouldn't we consider whether or not the statute should apply to this? I mean, despite the obvious that it references hours instead of days. So the statute of statutes doesn't apply because it would be contrary to the purposes of the statute. The statute requires an immediate hearing. And it sets it in terms of hours. As Justice Overstreet mentioned, the court could have, the legislature in crafting subsection C2 could have excluded weekends in general, and it didn't. It has done so in other statutes by choosing to exclude that provision in subsection C2. That should be given effect. So are you saying that any time a statute does not specifically exclude the weekends that the statute on statutes can't apply to that? I would say that any time the statute refers, gives deadline in hours, that's different. And I would say this is also different because I haven't done an exhaustive search, but I don't think many statutes require an immediate hearing, that the default would be an immediate hearing. And that indicates the legislature's intent for a quick hearing. And under the statute on statutes, by the state's argument, 13 hours from the first appearance, the rest of the first appearance, wouldn't count at all towards the 48 days. And that's a significant amount of time the legislature chose to set the deadline in terms of hours rather than in terms of days. Counsel, let me ask you a basic question. Is it your position that the legislature intended to allow the release of a dangerous individual because of a delay in the pretrial detention hearing, no matter what the reason is? Is that your position?  My position is, I mean, the question of dangerousness is a question that could have been decided in a timely manner. And I'm not specifically talking about your client. But is that one of the intents? Was that an intention of the legislature in crafting this statute so that if the 48-hour period was missed, no matter how dangerous the person is, they must be released? Is that what you're arguing? I'm not sure that the legislature necessarily anticipated weighing it in the way that Your Honor is weighing it. The legislature, in passing the statute, obviously wanted, you know, if the state was able to meet its burden with regard to showing a real and present threat and the inadequacy of conditions, that a defendant indeed should be detained. But it also found that it was important that this happen quickly. The pretrial release statute has a presumption of release. And I would say that that's consistent with requiring an immediate hearing or at the very, very furthest outer limit, 48 hours. So that might be what you're describing might be an outcome that might kind of go against the desire to have people who are dangerous detained. But it would also align with the court's concern of having defendants who are presumed to be released by the statute and presumed by the Constitution to be innocent to have a timely hearing, to have the issue of decision decided quickly. Counsel, our case law directs this court to presume that language issuing a procedural command to a government official indicates an intent statutes directory. Why shouldn't we follow that rule? That is a presumption and it's a presumption that can be rebutted. The same cases that discuss that set out the criteria that if a provision, if the interest intended to be protected by a provision would generally be injured, that that presumption is rebutted. And our argument is that in this case, it would be rebutted. Opposing counsel also mentions the decision in People v. Green. The People v. Green discussed a different statute, section 110-6 rather than 110-61. And that statute crucially has a different language. It says that the defendant needs to be brought before a judge with no unnecessary delay, as the appellate court has found in some of the cases cited by the state. That distinguishes the provision in our case from the one in 110-6, which involves the revocation of a previously ordered issue of a pretrial release. 110-6 also has a requirement that the hearing be held in front of the same judge who initially heard the case. There's no comparable one, there's no comparable requirements under C2. Unless your honors have any other questions, we would ask this court to affirm the judgment of the appellate court, releasing my client on conditions. Thank you very much. I'll turn the slides. May it please the court. Defendant seems to be arguing that the state was required to proceed to an immediate hearing and that there was no basis for a continuance. But the General Assembly specifically provided within the statute for a continuance of a pretrial detention hearing. That's the provision that is at issue here. The question is whether when the General Assembly allowed for a continuance of up to 48 hours, it meant for the action to be invalidated if the court failed to comply with that period. That's the question before the court. And I agree with my opponent that there's no de minimis exception. So the mandatory directory dichotomy is an all-or-nothing question. So even if this had been two minutes late, under a mandatory reading of the statute, that would invalidate the detention order. Clearly, the General Assembly did not intend for that result. The General Assembly has instead instructed this court that there are multiple interests at stake here, and one of those interests is the interest of the community in safety and being protected from those who cannot comply with conditions of release. Viewed in the broader statutory context, the 48-hour requirement is directory rather than mandatory. And I would just note that even if a statute is directory, a defendant who actually is prejudiced can still come to court and say that there was a violation and he was prejudiced and he can get relief. The defendant here has not articulated any reason that he was prejudiced in this case, and he was not. But the court should answer the question of the mandatory directory dichotomy by holding that it is directory, and then that ends this case, even assuming that this was two hours late. He's not entitled to invalidate the detention order, and the court's authority to detain him was preserved. If the court has no further questions, we'd ask that this court reverse the appellate court's judgment. Thank you very much. This case, agenda number two, number 130946, people of the state of Illinois v. Pharrell Cooper, will be taken under advisement. Thank you both for your arguments.